***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments of both parties. The appealing party has not shown good ground to reconsider the evidence, or amend the Opinion and Award, except with minor modifications.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Plaintiff was employed by the City of Charlotte in the Parks and Recreation Department on August 3, 1988 and on March 16, 2001. Subsequent to August 3, 1988 and before March 16, 2001, the Parks and Recreation Department of the City of Charlotte was transferred to Mecklenburg County and became a department of Mecklenburg County.
2. The City of Charlotte was self-insured on August 3, 1988. Mecklenburg County was self-insured on March 16, 2001. On those dates, plaintiff and defendant-employers were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On August 3, 1988, plaintiff sustained a cut to the bottom of his right foot. The claim was assigned I.C. File 926615. The following forms and documents were generated as a result of said injury and shall be part of the record in this case:
a. Form 19, dated March 17, 1989.
b. Form 18, dated April 12, 1989.
c. Correspondence from Kenneth R. Wayne of Pollard Parker Brown to Travelers Insurance Company, dated April 12, 1989.
d. Correspondence from Pamela A. Wilhoit of Pollard Parker Brown to William R. Griffin, Jr., dated May 18, 1989.
e. Form 28B, dated April 10, 1991.
f. Correspondence from Rondee L. Gibson of Pollard Parker Brown, dated April 12, 1991. [At the time, Constitution State Service Company sometimes provided third party services for the City of Charlotte. Constitution State Service Company was affiliated with Travelers Insurance Company.]
g. Correspondence from Claude W. Anderson, Jr. of Pollard Parker 
Brown to the plaintiff, dated April 26, 1994.
h. Correspondence from Peggy Golden, Workers' Compensation Supervisor for Risk Management Division, which serves the City of Charlotte and Mecklenburg County, to plaintiff, dated December 17, 1997. Ms. Golden was with the Risk Management Division from prior to August 3, 1988 until 2002, when she died.
4. On March 16, 2001, a metal pole fell and struck plaintiff in the mouth. Said incident arose out of and in the course of plaintiff's employment with Mecklenburg County. The Industrial Commission assigned I.C. File No. 305782 with respect to the accident of March 16, 2001. The Claims section of the Industrial Commission evaluated photographs showing the scars to plaintiff's face, and said section expressed an opinion that the disfigurement was worth $5,500.00. Mecklenburg County then paid plaintiff $5,500.00 and submitted a Form 28B dated December 31, 2002. The following documents have been generated in connection with I.C. File No. 305782 and shall be part of the record in this case:
a. Correspondence from Toni M. Churchill, Worker's Compensation Adjuster for the Risk Management Division (for the City of Charlotte and Mecklenburg County) to Paula Barnes of the Industrial Commission, dated October 28, 2002.
b. Correspondence from the claims section of the Industrial Commission to Mecklenburg County, dated December 20, 2002, and indicating that the Commission feels that the payment of $5,500.00 for the disfigurement would be appropriate with respect to the facial injuries.
c. Form 28B, dated December 31, 2002, and demonstrating that Mecklenburg County paid $5,500.00 for the facial disfigurement.
5. On October 20, 2003, plaintiff submitted a Form 33 for the purpose of requesting a hearing. Plaintiff indicated that he was seeking benefits with respect to his foot, and he listed the date of injury as August 3, 1988. However, he also used I.C. File No. 305782, which was a reference to the accident that occurred on March 16, 2001. The following documents shall be part of the record in the case at hand. While they reference I.C. File No. 305782, they were with respect to the injury of August 3, 1988 and should have referenced I.C. File No. 926615.
a. Form 33, dated October 20, 2003.
b. Form 33R, dated December 2, 2003.
6. The parties hereby stipulate and agree that the following medical records may be received into evidence without further authentication and proof, but subject to the right of either party to obtain testimony, by deposition or otherwise, from the health care providers identified in connection with such records:
a. Nurse's notes and doctor's notes appearing in the chart for Risk Management Division, and covering the period from June 14, 1988 to April 6, 1989. (These records were provided by Cheryl Powell of the Industrial Commission to counsel for defendants, as they were in the Industrial Commission file.) Some of these records were prepared by Stephen J. Naso, who was a physician in private practice in Charlotte. Dr. Naso retired several years ago.
b. Records which plaintiff provided to Ms. Churchill of Risk Management Division in approximately early June 2004, including certain records from Dr. Michael F. Walsh of Carolina Podiatry Clinic, P.A. and Dr. William R. Griffin, Jr. of Mecklenburg Orthopedic Associates, P.A. It is noted that the parties apparently do not have all of the records of Dr. Walsh and Dr. Griffin, and that they have been unable to obtain the rest of the records at this late date. Neither Dr. Michael F. Walsh nor Carolina Podiatry Clinic, P.A. are listed in the current telephone directory for Charlotte, North Carolina. Neither Dr. William R. Griffin, Jr. or Mecklenburg Orthopedic Associates, P.A. are listed in the current telephone directory for Charlotte, North Carolina. Upon information and belief, Dr. Griffin retired several years ago, and Mecklenburg Orthopedic Associates ceased to exist during the 1990s.
7. All of the Commission's records as to 926615 and some of defendants' records with respect to the incident of August 3, 1988, have been purged due to the passage of time.
8. The two claims were consolidated for hearing at the request of the parties.
9. On September 10, 2004, the parties and Deputy Commissioner Gregory participated in the deposition of Dr. Roxanne Burgess. Plaintiff submitted a notebook, which included records and also plaintiff's narrative contentions, at the hearing on 29 June 2004, and the contents of that notebook constitute plaintiff's contentions. These documents were submitted and received into evidence. Subsequent to the hearing before the deputy commissioner, the parties submitted additional Stipulations, dated September 10, 2004, which are part of the record.
 ***********
Based upon the foregoing Stipulations and evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 43 years old, with his date of birth being November 14, 1960.
2. Also at the time of the hearing before the deputy commissioner, plaintiff was employed in the Parks and Recreation Department of Mecklenburg County, where he had been employed since approximately March 8, 2000.
3. On August 3, 1988, plaintiff was employed by the City of Charlotte in the Parks and Recreation Department. On that date, plaintiff was collecting trash in a median area when he stepped on a piece of glass and sustained a small puncture wound on the bottom of his right foot. The glass barely broke the skin on the bottom of the plaintiff's right foot.
4. The circumstances of plaintiff's injury on August 3, 1998 constituted an interruption of plaintiff's regular work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences.
5. On August 3, 1988, plaintiff sustained an injury by accident arising out of and in the course of his employment with the City of Charlotte. As a result of his injury by accident of August 3, 1988, plaintiff sustained a minor injury to his right foot.
6. Also regarding his right foot, plaintiff has deformed fourth metatarsal as the result of a congenital condition. Plaintiff underwent an osteotomy to the fourth metatarsal on his right foot on January 10, 1990, which was intended to alleviate the deformed metatarsal, but the surgery did not have the desired effect. Plaintiff has continued to have calluses that form on his right foot as a result of the congenitally deformed metatarsal.
7. The osteotomy that plaintiff underwent on January 10, 1990 was necessitated by the pre-existing metatarsal deformity, and the injury by accident of August 3, 1988 was not a proximate cause of the surgery. To the extent that plaintiff has suffered or continues to suffer any disability as a result of his deformed metatarsal, such disability is not proximately related to the injury by accident of August 3, 1988.
8. Plaintiff had no lost wages as a result of his injury by accident of August 3, 1988 and sustained no permanent partial disability to his right foot.
9. With respect to the accident of August 3, 1988, defendant submitted a Form 28B to the Industrial Commission, with copies to plaintiff and plaintiff's then attorney, on approximately April 10, 1991. The Form 28B notified plaintiff that the report closed the claim and that no further benefits were payable. It also notified plaintiff that, if he claimed further compensation, he must notify the Commission within two years. Following his receipt of the Form 28B, dated April 10, 1991, plaintiff waited until the year 2003 before he notified the Commission in writing that he was seeking additional benefits in relation to his August 3, 1988 injury by accident.
10. When plaintiff notified the Commission and defendant that he was seeking further benefits with respect to the accident of August 3, 1988, all of the Industrial Commission's records with respect to said claim and some of the defendant's records with respect to said claim had been purged. In addition, potential witnesses such as Ms. Peggy Golden, Dr. Michael F. Walsh, and Dr. William R. Griffin, were no longer available to provide testimony.
11. Plaintiff's long delay in notifying the Commission and defendant that he was seeking further benefits with respect to the accident of August 3, 1988 was prejudicial to defendant, in that it prevented defendant from having access to testimony and evidence, which may have provided defendant with additional defenses.
12. On March 16, 2001, a metal pole fell and struck plaintiff in the mouth. Said incident constituted an interruption of plaintiff's regular work routine and the introduction of unusual conditions likely to result in unexpected consequences.
13. On August 16, 2001, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
14. As a result of his March 16, 2001 injury by accident, plaintiff sustained facial disfigurement and photographs depicting the plaintiff's facial scarring were submitted to the Industrial Commission by letter of October 28, 2002.
15. Subsequent to the submission of these photographs, the Industrial Commission determined that plaintiff was entitled to $5,500 for his facial disfigurement. Defendant then paid plaintiff $5,500 for the facial disfigurement and submitted a Form 28B, dated December 31, 2002.
16. Based upon the record, it does not appear that plaintiff is seeking any further disability with respect to the accident of March 16, 2001. However, to the extent that plaintiff is seeking any further benefits with respect to the accident of March 16, 2001, plaintiff has failed to satisfy his burden of proof that he has sustained a change of condition, or that there are any other circumstances that would entitle the employee to any additional benefits with respect to the accident of March 16, 2001.
 ***********
Based on the foregoing Stipulations and Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On August 3, 1988, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant City of Charlotte. N.C. Gen. Stat. § 97-2(6).
2. Any disability or inability to earn wages plaintiff may now have is not the direct and natural result of, nor causally related to his August 3, 1988 injury by accident. N.C. Gen. Stat. § 97-2(9).
3. Plaintiff's claim for further indemnity or medical compensation disability benefits as a result of the injury by accident of August 3, 1988 is also barred because plaintiff did not submit a change of condition claim within the required period of time. N.C. Gen. Stat. §97-47. Plaintiff's claim for disability benefits and medical benefits is also barred by equitable estoppel and laches.
4. On March 16, 2001, plaintiff sustained an injury by accident arising out of an in the course of his employment with Mecklenburg County. N.C. Gen. Stat. § 97-2(6).
5. As a result of his March 16, 2001 injury by accident, plaintiff sustained a serious facial disfigurement for which he was entitled to be paid compensation in the amount of $5,500 which has been paid to him by defendant. N.C. Gen. Stat. § 97-31(21).
6. Because plaintiff has failed prove a change of condition in relation to his March 16, 2001 injury by accident, he is not entitled to additional indemnity or medical compensation. N.C. Gen. Stat. §§ 97-25.1;97-47.
 ***********
Based upon the foregoing Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim for additional compensation as the result of his August 3, 1988 injury by accident must be, and is HEREBY DENIED.
2. Under the law, plaintiff's claim for additional compensation as the result of his March 16, 2001 injury by accident must be, and is HEREBY DENIED.
3. Defendant shall pay the costs.
This the 27th day of May 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS/llc